# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* | STATE OF CONNECTICUT **SUPERIOR COURT** *www.jud.ct.gov* |
|---|---|



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **123 Hoyt Street, Stamford, Connecticut 06905** | **( 203 ) 965 − 5308** | **09/24/2024** |

| ☒ Judicial District  G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|
| ☐ Housing Session  ☐ Number: ____ | **Stamford** | Major: **T** | Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **Wocl Leydon, LLC, 80 Fourth Street, Stamford, Connecticut 06905** | **106151** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| **( 203 ) 333 − 3339** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* **bleydon@woclleydon.com** |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Boxberger, John I.** Address: **12 Monitor Hill Road, Newtown, CT 06470** | **P-01** |
| **Additional plaintiff** | Name: Address: | **P-02** |
| **First defendant** | Name: **Amazon.com, Inc., 410 Terry Avenue North, Seattle, Washington 98109** Address: **AOS: Corporation Service Company. Goodwin Square, 225 Asylum St., 20th Floor, Hartford, CT 06103** | **D-01** |
| **Additional defendant** | Name: **Amazon.com Sales, Inc., 410 Terry Avenue North, Seattle, Washington 98109** Address: **AOS: Corporation Service Company. Goodwin Square, 225 Asylum St., 20th Floor, Hartford, CT 06103** | **D-02** |
| **Additional defendant** | Name: **Amazon.com Services, LLC, 410 Terry Avenue North, Seattle, Washington 98109** Address: **AOS: Corporation Service Company. Goodwin Square, 225 Asylum St., 20th Floor, Hartford, CT 06103** | **D-03** |
| **Additional defendant** | Name: **FBA Haven LLC, 13403 S Sunset Shadow Lane, Herriman UT 84096** Address: **AOS: Shawn Padgett, 13403 S. Sunset Shadow Lane, Herriman, UT 84096** | **D-04** |

| Total number of plaintiffs: **1** | Total number of defendants: **5** | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued**. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| **08/26/2024** | | ☐ _____ Clerk | **Brenden P. Leydon** |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | A TRUE COPY |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | ATTEST: *Kevin Sullivan* **KEVIN SULLIVAN** |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | STATE MARSHAL, HARTFORD COUNTY |
|---|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*

**Boxberger, John I.**

First named Defendant *(Last, First, Middle Initial)*

**Amazon.com, Inc.**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **Kinswood, Inc., 1364 Marion Court, Industry, CA 91745** | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |

| | | | FOR COURT USE ONLY - File Date |
|---|---|---|---|
| | 12 | | |
| | 13 | | |
| | 14 | Docket number | |

**CIVIL SUMMONS-Continuation**

RETURN DATE: SEPTEMBER 24, 2024 :   **SUPERIOR COURT**

JOHN I. BOXBERGER                        :   **J.D. OF STAMFORD/NORWALK**

V.                                                        :   **AT STAMFORD**

AMAZON.COM, INC.; AMAZON.COM
SALES, INC.; AMAZON.COM
SERVICES LLC; FBA HAVEN LLC;
KINSWOOD INC.                              :   **AUGUST 26, 2024**

## COMPLAINT

<u>FIRST COUNT</u>:  **Product Liability Claim**

1) Plaintiff **John I. Boxberger**, is an individual with an address at 12 Monitor Hill Road, Newtown CT 06470.

2) Prior to and at all times hereinafter mentioned, the Defendants, **Amazon.com, Inc., Amazon.com Sales, Inc., and Amazon.com Services, LLC**, (hereinafter referred to collectively as the defendant "Amazon") were and still are foreign corporations or a Limited Liability Company organized and existing under the laws of the State of Delaware, with a principle place of business at 410 Terry Avenue North, Seattle, Washington 98109. Said defendants are and were duly authorized to do business in the State of Connecticut, and were acting by and through its duly authorized agents, servants and employees.

3) The Defendant **FBA Haven LLC,** is a Utah Company with a place of business at 13403 S Sunset Shadow Lane, Herriman UT 84096, engaged in the business of wholesaling, distributing, retailing, marketing, packaging, importing, manufacturing or otherwise selling a variety of products, including the subject wood splitting product, particularly on online sales platforms such as Amazon.

4) The Defendant **Kinswood Inc**, is a California Corporation with a place of business at 1364 Marion CT, Industry, CA 91745, engaged in the business of wholesaling, distributing,

Wocl Leydon LLC

80 Fourth Street, Stamford, CT 06905

Tel: (203) 333-3339  |  Fax: (203) 324-1407  |  Juris No. 106151

Wodl Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

retailing, marketing, packaging, importing, manufacturing or otherwise selling a variety of products, including the subject wood splitting product, particularly on online sales platforms such as Amazon.  The Plaintiff will refer to all defendants herein collectively as "Defendants."

5) Prior to and at all times hereinafter mentioned, the Defendant Amazon was and still is engaged in the business of selling products over the internet and delivering merchandise ordered by individuals, such as the plaintiff herein, by mail or other carriers including its own carriers.

6) The Defendants sell general merchandise, including, inter alia, do it yourself tools and accessories, such as wood splitting tools throughout the United States, specifically including Connecticut.  Each of the Defendants have purposely availed themselves of the opportunity to conduct business in Connecticut, including the sale of products intended for Connecticut consumers.

7) On or about September 4, 2022, the Plaintiff's wife purchased through Amazon a Kinswood Wood Splitting Wedge, Diamond Shape Log Wood Wedge ("the Subject Product"), Order # 112-7220432-0740266.  The Order confirmed it was sold by FBA Haven LLC as a Kinswood Inc. branded product known to be purchased by a Connecticut resident, for delivery and anticipated use in Connecticut.

8) Defendants and their agents, servants and/or employees marketed, sold, distributed, packaged, imported, manufactured and/or furthered the sale of the Subject Product sold to Plaintiff's wife.

9) On or about February 27, 2023, the Plaintiff was using the Subject Product in accordance with its expected and designed use, striking it with a sledge hammer to split wood logs into firewood.

10) While using the Subject Product, a sharp fragment of metal approximately 1.1 cm fractured off of the upper surface of the wedge and shot into Plaintiff's right lower leg at an extremely

high velocity, penetrating approximately 5 cm into Plaintiff's right leg and lacerating an artery, resulting in severe, painful and permanent injuries and disability.

11) Prior to the time the subject product was designed, manufactured, marketed and sold, a specific extremely hazardous risk was known within the industry, that of fragments of the upper surface of the wedge where it is expected to be struck fracturing due to impact forces and shooting these metals fragments in unpredictable directions at extremely high rates of speed.

12) The Defendants either knew or should have known of these risks, which are expressly identified in other similar splitting wedge products sold on Amazon. See Fiskars 1000600 Splitting Wedge currently for sale on Amazon – "This wedge features a rounded head to avoid material fragmentation"

13) This extraordinary hazard included a highly publicized incident in Maine where a man was killed as a result of one of these fragments. See

https://www.seacoastonline.com/story/news/2008/09/24/maine-man-dies-while-splitting/52256780007/

https://www.tractorbynet.com/forums/threads/death-involving-splitting-wedge-and-sledge.133950/#google_vignette

https://www.hearth.com/talk/threads/fragged-by-a-splitting-wedge.57843/

14) A variety of feasible alternative designs existed at the time of design, manufacture and sale, including but not limited to beveled edges and more suitable materials. Properly designing a safer alternative does not unreasonably impact costs. In fact, wedges with a beveled edge top and properly treated metal sell for significant less than the subject product. See, e.g. https://www.harborfreight.com/5-lb-wood-wedge-94349.html

3

Wocl Leydon LLC

80 Fourth Street, Stamford, CT 06905

Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

15) Despite a known risk that could and previously had caused death, the Subject Product came with no warnings or instructions at all. Not only did no instructions or warnings come with the product, but no such warnings or instructions are available at all from any of the Defendants, who did not respond to direct inquiries for any warnings or instructions. There are in fact feasible precautions that could have been taken had Plaintiff been properly informed, including protective clothing sold by Amazon.

16) Subsequent to receiving notice of Plaintiff's injury, the Defendants removed this unreasonably dangerous product from the market.

17) The Subject Product, which had an undisclosed deadly hazard and no warnings or instructions regarding the same, was manifestly unreasonable and should not have been available for sale.

18) As a result of the impact of this highly dangerous metal fragment shooting from Defendant's product the Plaintiff received and suffered painful, permanent, severe traumatic and disabling injuries which were caused, aggravated, accelerated or lighted up by said occurrence, including:

    a) Right lower extremity traumatic compartment syndrome with penetrating trauma;

    b) blood loss due to lacerated artery;

    c) scarring;

    d) debridement of necrotic tissue;

    e) impairment of function of right lower leg, causing a limp;

    f) severe pain and swelling;

    g) Severe shock to his entire nervous system.

19) As a further result, the Plaintiff has suffered severe physical and emotional distress, extreme pain and suffering, embarrassment, limitation of activities, scarring, inconvenience, disability,

Wocl Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

4

and has been unable to perform the work, household, recreational, parental and normal duties, activities, and functions as the Plaintiff did before said occurrence.

20) As a result of said injuries, the Plaintiff was required to expend substantial sums of money and may be required to expend additional sums of money in the future for:

    a)  Medical care and treatment;

    b)  Diagnostic treatment;

    c)  Multiple surgeries;

    d)  Pharmaceutical expenses; and

    e)  Pain management.

21) As a further result the Plaintiff is apprehensive and fearful of future medical complications resulting from the aforesaid injuries.

22) At all times material, the Defendants owed the Plaintiff the duty to design, manufacture, assemble, package, inspect and/or test the subject product in such a manner and with the exercise of reasonable care, so as to prevent exposing the Plaintiff to the harms enumerated herein.

23) At all times material, the Defendant had a duty to warn consumers or intended users of the subject product of defects which it knew or should have known in the exercise of ordinary care existed in the subject products, which defects rendered the subject product unreasonably dangerous to use.

24) At all times material hereto, the dangerous, hazardous and defective condition described above in connection with the propensity of the subject product to activate was latent, and the Plaintiff was not capable of realizing the dangerous condition and could not have discovered the dangerous condition with a reasonable inspection.

Wodl Leydon LLC

80 Fourth Street, Stamford, CT 06905

Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

5

Wocl Leydon ᴸᴸᶜ

80 Fourth Street, Stamford, CT 06905

Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

25) Prior to the sale of the Subject Product at issue herein, the Defendants knew of the extreme dangers presented by the aforementioned product due to its design and/or manufacture.

26) At the time the Defendant sold the Subject Product, as well as on the date it injured Plaintiff, the Subject Product was designed, tested, manufactured, labeled and sold in a defective condition, unreasonably dangerous when put to a reasonably anticipated use by its ordinary users, including Plaintiff.

27) The Subject Product was defective and unreasonably dangerous in various ways, including:

a) Propensity to allow fragments to come off of the wedge at very high velocities during expected use of the Subject Product;

b) Failure to minimize the risks through feasible alternatives as well as to warn of the risk and what safeguards could avoid it.

28) The Plaintiff's injuries either would not have occurred, or would have been substantially less severe, had the Subject Product not had the defects described herein.

29) The Defendants also had a post sale duty to warn of the hazards of the subject product, which was known to have been distributed to the Plaintiff's household, and in the exercise of reasonable care the Defendant could and should have discharged that duty by ensuring Plaintiff was adequately warned, but failed to do so.

30) At the time of design, manufacture, distribution, marketing, advertising, distribution, sale and continuing thereafter, the Subject Product was in a defective, dangerous and unreasonable condition for use by the Plaintiff in that the Defendants:

a) improperly and/or inadequately designed the product;

b) improperly and/or inadequately manufactured, constructed, promoted, and/or sold the product;

6

c)  failed to properly inspect and/or test the product;

d)  failed to properly warn and/or install warnings or instructions to the user, dealer, purchaser, seller and/or agents of the user about the hazards and dangers associated with the product, either before or after the sale;

e)  failed to establish proper and adequate safety design, risk management, and failure mode and effects analysis to the design and manufacturing of the product; and

f)  advertised, marketed and/or promoted its product when it knew or should have known of its unsafe and dangerous propensities.

31) The above described conditions were a substantial factor in producing the Plaintiff's injuries and damages hereinbefore alleged.

32) The Defendants and/or their agents, servants or employees expressly warranted, by way of, among other things, advertising, promotional campaigns, brochures, literature, marketing plans, trade name, and goodwill that said product was among other things:

a)  safe and fit for its intended purposes and/or uses;

b)  safe and fit for its particular purpose;

c)  safe and fit for use by persons such as the Plaintiff; and

d)  safe and fit for reasonable and expected uses such as that utilized by the Plaintiff.

33) The Defendants breached these express warranties as described above in providing a product that was not safe and fit as warranted.

34) The breach of these express warranties was a substantial factor in producing and causing the Plaintiff's injuries and damages as alleged.

35) The Defendants impliedly warranted that the product was:

a.  fit for its particular purpose for which it was intended; and/or

7

b. of merchantable quality.

36) The Defendants breached these implied warranties as described above in providing a product that was not fit for its particular purpose or of merchantable quality as impliedly warranted due to the Defects described herein.

37) The breach of these implied warranties was a substantial factor in producing and causing the Plaintiff's injuries and damages as alleged.

38) The Defendants and/or their agents, servants or employees were negligent and careless in one or more of the following ways in that the Defendants:

a. improperly and/or inadequately distributed the product;

b. improperly and/or inadequately manufactured, promoted and/or sold the product;

c. failed to properly inspect and/or test the product;

d. failed to properly warn and/or install warnings or instructions to the user, dealer, purchaser, seller and/or agents of the user about the hazards and dangers associated with the product, either before or after the sale;

e. failed to establish proper and adequate safety design, risk management, and failure mode and effects analysis to the design and manufacturing of the product; and

f. advertised, marketed and/or promoted its product when it knew or should have known of its unsafe and dangerous propensities.

39) The above described negligence of the Defendants was a substantial factor in producing and causing the Plaintiff's injuries and damages hereinbefore alleged.

40) The Defendants violated Connecticut General Statutes §52-240b by acting with reckless disregard for the safety of product users such as the Plaintiff, in at least one or more of the following ways in that the Defendants:

8

WoclLeydon LLC

80 Fourth Street, Stamford, CT 06905

Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

    a. improperly and/or inadequately distributed the product;

    b. improperly and/or inadequately manufactured, promoted and/or sold the product;

    c. failed to properly inspect and/or test the product;

    d. failed to properly warn and/or install warnings or instructions to the user, dealer, purchaser, seller and/or agents of the user about the hazards and dangers associated with the product, either before or after the sale;

    e. failed to establish proper and adequate safety design, risk management, and failure mode and effects analysis to the design and manufacturing of the product; and

    f. advertised, marketed and/or promoted its product when it knew or should have known of its unsafe and dangerous propensities.

41) The harm, injuries and damages suffered by the Plaintiff was a result of the heedless and reckless disregard for the safety of product users such as the Plaintiff thereby creating an unreasonable risk of bodily injury to the Plaintiff.

42) The Defendants, at all material times, has been engaged in the business of selling products such as the product sold to the Plaintiff.

43) The Defendants, and/or their agents, servants or employees through oral and written representations, represented to the Plaintiff that the product was perfectly safe and well designed.

44) When making the representations described above, the Defendants actually knew, or in the exercise of reasonable care should have known, of the dangerous and defective condition of the product.

45) The Plaintiff relied on the knowledge, experience and expertise of the Defendants and/or their agents, servants or employees and was deceived by its representations.

46) The Defendants have specifically violated CONN. AGENCIES REGS. §42-110B-18(B), by

9

misrepresenting the standard of its merchandise or services as described above.

47) The Defendant has specifically violated CONN. AGENCIES REGS. §42-110B-18(E), by misrepresenting the nature, characteristics, uses, benefits, and qualities of its merchandise or services as described above.

48) As a result of the above described defective condition of the product, the Defendant is liable and legally responsible to the plaintiffs for their injuries and losses as set forth herein by virtue of Connecticut General Statutes § 52-572m, et seq.

THE PLAINTIFFS,

BY /s/ *Brenden P. Leydon*
BRENDEN P. LEYDON, ESQ.
bleydon@woclleydon.com
Wocl Leydon, LLC
80 Fourth Street
Stamford, CT 06905
(203) 333-3339
Juris No.: 106151

A TRUE COPY
ATTEST:
KEVIN SULLIVAN
STATE MARSHAL, HARTFORD COUNTY

10

Wocl Leydon LLC
80 Fourth Street, Stamford, CT 06905 | Juris No. 106151
Tel: (203) 333-3339 | Fax: (203) 324-1407

RETURN DATE: SEPTEMBER 24, 2024 :          SUPERIOR COURT

JOHN I. BOXBERGER                    :          J.D. OF STAMFORD/NORWALK

V.                                   :          AT STAMFORD

AMAZON.COM, INC.; AMAZON.COM
SALES, INC.; AMAZON.COM
SERVICES LLC; FBA HAVEN LLC;
KINSWOOD INC.                        :          AUGUST 23, 2024

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is in excess of FIFTEEN THOUSAND

($15,000.00) DOLLARS, exclusive of interest and costs.

THE PLAINTIFFS,

BY /s/ *Brenden P. Leydon*
BRENDEN P. LEYDON, ESQ.
bleydon@woclleydon.com
Wocl Leydon LLC
80 Fourth Street
Stamford, CT 06905
(203) 333-3339
Juris No.: 106151

A TRUE COPY
ATTEST:

KEVIN SULLIVAN
STATE MARSHAL, HARTFORD COUNTY

*Wocl Leydon* LLC

80 Fourth Street, Stamford, CT 06905

Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

11

RETURN DATE: SEPTEMBER 24, 2024 :       SUPERIOR COURT

JOHN I. BOXBERGER                    :       J.D. OF STAMFORD/NORWALK

V.                                   :       AT STAMFORD

AMAZON.COM, INC.; AMAZON.COM
SALES, INC.; AMAZON.COM
SERVICES LLC; FBA HAVEN LLC;
KINSWOOD INC.                        :       AUGUST 23, 2024

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs claim:

1. Monetary damages;

2. Attorney fees pursuant to Connecticut General Statutes §52-240a;

3. Punitive damages pursuant to Connecticut General Statutes §52-240B and the common law; and

4. Any other further relief in law or equity which may appertain.

THE PLAINTIFFS,

BY /s/ *Brenden P. Leydon*
BRENDEN P. LEYDON, ESQ.
bleydon@woclleydon.com
Wocl Leydon LLC
80 Fourth Street
Stamford, CT 06905
(203) 333-3339
Juris No.: 106151

A TRUE COPY
ATTEST

KEVIN SULLIVAN
STATE MARSHAL, HARTFORD COUNTY

Wocl Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

12